UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBY BRADLEY,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO DEPARTMENT OF HUMAN ASSISTANCE, et. al.,<br><br>Defendants. | No. 2:19-CV-02419-TLN-CKD PS<br><br><br><br>ORDER |

Before the court is defendant's amended motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 13.) Plaintiff filed an opposition, (ECF No. 14), and defendant filed a reply. (ECF No. 15.) Upon review of the documents in support and opposition, the court finds as follows:

**BACKGROUND**

Plaintiff Ruby Bradley asserts seven causes of action against the County of Sacramento Department of Human Assistance ("County") alleging racial and disability discrimination under Title VII of the Civil Rights Act of 1964, the California Fair Employment and Housing Act ("FEHA"), and the Americans with Disabilities Act of 1990 ("ADA"). The complaint's factual allegations are sparse, but plaintiff generally alleges that (1) during her nineteen-year tenure working for the County, she has repeatedly been denied promotional positions because she is an

1  African-American woman; and (2) she suffered on-the-job injuries to her hands, which defendant
2  failed to accommodate.  (ECF No. 1.)  Defendant asks this court to dismiss the complaint in its
3  entirety under Rule 12(b)(6) because (1) plaintiff has not sufficiently alleged that she exhausted
4  her administrative remedies before filing suit; and (2) plaintiff's factual allegations fail to state a
5  plausible claim for relief.  (ECF No. 13.)

**LEGAL STANDARD**

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the pleading in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  In order to avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  In ruling on a motion to dismiss pursuant to Rule 12(b), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."  Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007).

**ANALYSIS**

**1.  Plaintiff has sufficiently alleged that she exhausted her administrative remedies under Title VII and the FEHA.**

Title VII and the FEHA require a plaintiff to exhaust her administrative remedies before filing suit.  Sommatino v. United States, 255 F.3d 704, 707 (9th Cir. 2001) (citing 42 U.S.C. § 2000e-16(c)); Yurick v. Superior Court, 209 Cal. App. 3d 1116, 1121 (1989) (citing Cal. Gov't Code § 12960(d)).  A plaintiff exhausts her administrative remedies by timely filing a charge with

2

1 the EEOC or the DFEH, thereby affording the agency an opportunity to investigate the charge.

2 See Fort Bend Cty., Tex. v. Davis, 139 S. Ct. 1843, 1851 (2019) (citing 42 U.S.C §§ 2000e-5(b),

3 (e)(1)). The EEOC and the DFEH have entered into a work-sharing agreement, such that a

4 plaintiff who exhausts her administrative remedies under Title VII also exhausts her remedies

5 under the FEHA. McCarthy v. R.J. Reynolds Tobacco Co., 819 F. Supp. 2d 923, 935 (E.D. Cal.

6 2011). A plaintiff must allege compliance with the exhaustion requirement in order to state a

7 claim on which relief may be granted. See Cloud v. Brennan, No. 19-CV-04638, 2020 WL

8 533003, at *7 (N.D. Cal. Feb. 3, 2020).

9 Defendant argues that plaintiff has not properly alleged compliance with the exhaustion

10 requirements. Because plaintiff does not attach a copy of the administrative charge to her

11 complaint, defendant argues that she must specifically plead the date she filed her charge and the

12 dates of the alleged discriminatory acts. Otherwise, defendant says, it is "impossible" to

13 determine whether plaintiff properly exhausted her remedies and timely complained to the EEOC.

14 (ECF No. 13-1 at 4:24-26.)

15 Although it would be helpful to know the timeline of events and the contents of the EEOC

16 charge, plaintiff's exhaustion allegations are sufficient. The complaint alleges that plaintiff

17 "exhausted her administrative remedies and complied with all statutory prerequisites to Title VII

18 claims." (ECF No. 1 ¶ 16.) It further alleges that she "filed a charge of racial, gender

19 discrimination, retaliation and violation of the ADA by [defendant] with the [EEOC] and received

20 her [EEOC] Notice of Right to Sue." (ECF No. 1 ¶ 16.) Although plaintiff does not attach a

21 copy of her administrative charge to the complaint, she does attach a copy of her Right to Sue

22 letter. (ECF No. 1-3 at 3.) "Where a pro se plaintiff alleges in her form complaint that she filed a

23 charge with the EEOC and attaches to her complaint a copy of the right to sue letter, but not a

24 copy of the EEOC charge, she sufficiently pleads she exhausted her administrative remedies."

25 Turner v. Power Servs., No. 2:11-CV-00190, 2012 WL 1574849, at *3 (D. Nev. May 3, 2012);

26 see also U.S. E.E.O.C. v. Farmers Ins. Co., 24 F. Supp. 3d 956, 965 (E.D. Cal. 2014) (Plaintiff

27 sufficiently alleged exhaustion of administrative remedies by pleading that "all conditions

28 precedent to the institution of this [Title VII] lawsuit have been fulfilled."); see also Okeke v.

3

Biomat USA, Inc., 927 F. Supp. 2d 1021, 1025 (D. Nev. 2013) (Plaintiff's allegations that he "filed his Charges of Discrimination with the EEOC and received a copy of his Right to Sue notice" were sufficient).  Accordingly, plaintiff has sufficiently alleged exhaustion under Title VII and the FEHA.[1]

**2.  Plaintiff has not alleged sufficient facts to support her discrimination claims under Title VII, the FEHA, and the ADA.**

In addition, defendant argues that plaintiff fails to allege sufficient factual information to state plausible claims for relief under Title VII, the FEHA, and the ADA.  (ECF No. 13-1 at 5.)  To state a plausible claim for relief under Title VII, the FEHA, or the ADA, a plaintiff need not plead each element of a prima facie discrimination case.  Swierkiewicz v. Sorema N.A., 534 U.S. 505, 514–15 (2002); see also Sheppard v. David Evans & Assocs., 694 F.3d 1045, 1050 n. 2 (9th Cir. 2012) (citing Swierkiewicz favorably after Iqbal and Twombly).  Nevertheless, courts look to the prima facie elements to analyze a motion to dismiss, so as to decide, in light of judicial experience and common sense, whether the challenged complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  Sheppard, 964 F.3d at 1050 n. 2; Achal v. Gate Gourmet, Inc., 114 F. Supp. 3d 781, 796–97 (N.D. Cal. 2015).  As discussed below, the court finds that plaintiff's factual allegations are deficient with respect to each of her claims.

  a. Disparate Treatment under Title VII and the FEHA

In counts 1 and 3, plaintiff asserts claims for disparate treatment under Title VII and the FEHA.  Disparate treatment occurs when an employer intentionally treats an employee less favorably than other employees due to a protected characteristic.  Wood v. City of San Diego, 678 F.3d 1075, 1081 (9th Cir. 2012).  To state a prima facie case of disparate treatment under Title

---

[1] If defendant wishes to challenge the merits of plaintiff's exhaustion allegations, it may do so by presenting evidence and requesting summary judgment.  See Kraus v. Presidio Tr. Facilities Div./Residential Mgmt. Branch, 572 F.3d 1039, 1046 n. 7 (9th Cir. 2009) (noting that the failure to exhaust administrative remedies under Title VII is "an affirmative defense, so the defendant bears the burden of pleading and proving it").  But when deciding a motion to dismiss under Rule 12(b)(6), the court may only evaluate the sufficiency of plaintiff's allegations, not their truthfulness.

VII and the FEHA, a plaintiff must allege that (1) she was a member of a protected class; (2) she was qualified for the position sought or was performing competently in the position she held; (3) she suffered an adverse employment action, such as termination, demotion, or denial of an available job; and (4) similarly situated employees not in her protected class received more favorable treatment. Moran v. Selig, 447 F.3d 748, 753 (9th Cir. 2006); Guz v. Bechtel Nat. Inc., 24 Cal. 4th 317, 355, 8 P.3d 1089, 1113 (2000).

Here, plaintiff does not sufficiently allege that she was qualified for the positions sought. Although plaintiff alleges that she possesses a bachelor's degree in Social Work from California State University Sacramento and that she has worked for the County as a Human Services Specialist for nineteen years, she does not provide any information about the positions for which she applied. (ECF No. 1 at 3.) The court cannot reasonably infer that plaintiff was qualified for these positions without being provided some information about them, such as their titles or prerequisites.

Similarly, plaintiff does not sufficiently allege that similarly situated individuals outside of her protected class were treated more favorably. Smith v. W.W. Grainger, Inc., No. ED-CV-181405, 2019 WL 1670942, at *3 (C.D. Cal. Feb. 5, 2019). Although plaintiff alleges that she was denied promotions "because of race" and that African-American employees are "promoted less frequently than their non-African American counterparts," (ECF No. 1 at 2, 5), the complaint says nothing about the non-African American counterparts being "similarly situated." For example, plaintiff does not allege that these other individuals applied for the same positions as her, that they applied around the same time, or that they shared similar qualifications. Smith v. W.W. Grainger, Inc., No. ED-CV-181405, 2019 WL 1670942, at *4 (C.D. Cal. Feb. 5, 2019) (holding that plaintiff failed to state a discrimination claim because he did not allege the timing of the denied promotions or identify the positions that his similarly situated counterparts held or sought). Accordingly, the complaint fails to state a plausible claim for disparate treatment under Title VII or the FEHA.

      b.     <u>Disparate Impact under Title VII and the FEHA</u>

In counts 2 and 4, plaintiff asserts claims for disparate impact under Title VII and the

1  FEHA. Disparate impact occurs "when employment practices that are facially neutral in their
2  treatment of different groups fall more harshly on one group than another." Sheppard v. David
3  Evans & Assocs., 694 F.3d 1045, 1050 n. 1 (9th Cir. 2012). To establish a prima facie case of
4  disparate impact, a plaintiff must "(1) show a significant disparate impact on a protected class or
5  group; (2) identify the specific employment practices or selection criteria at issue; and (3) show a
6  causal relationship between the challenged practices or criteria and the disparate impact."
7  Hemmings v. Tidyman's Inc., 285 F.3d 1174, 1190 (9th Cir, 2002); Lee v. Hertz Corp., 330
8  F.R.D. 557, 561 (N.D. Cal. 2019); Guz v. Bechtel Nat. Inc., 24 Cal. 4th 317, 354 (2000)
9  (declaring that Title VII and the FEHA follow the same test).

10  Plaintiff alleges that defendant engaged in the "practice of racial discrimination against
11  African American employees with respect to promotions," and this has "an unlawful disparate
12  impact on" African Americans. (ECF No. 1 at 6.) These allegations are insufficient. Plaintiff
13  neither identifies the specific employment practice that she is challenging, nor shows how a
14  facially neutral practice has a disparate impact on African Americans. Thus, the complaint fails
15  to state a plausible claim for disparate impact.

16         c.      <u>Retaliation under Title VII and the FEHA</u>

17  In counts 5 and 6, plaintiff asserts claims for unlawful retaliation under Title VII and the
18  FEHA. Title VII's antiretaliation provision forbids an employer from discriminating against
19  employees because they have opposed an allegedly unlawful employment practice. Burlington N.
20  & Santa Fe Ry. Co. v. White, 548 U.S. 53, 59 (2006) (citing 42 U.S.C. ¶ 2000e–3). To establish
21  a prima facie case of retaliation under Title VII, a plaintiff must show that (1) she engaged in a
22  protected activity; (2) her employer subjected her to an adverse employment action; and (3) a
23  causal link exists between the protected activity and the adverse action. Ray v. Henderson, 217
24  F.3d 1234, 1240 (9th Cir.2000). The elements of a retaliation claim under FEHA are
25  substantially the same. See Mamou v. Trendwest Resorts, Inc., 165 Cal. App. 4th 686, 713, 81
26  Cal. Rptr. 3d 406, 428 (2008).

27  Here, plaintiff alleges that she engaged in protected activities by "making internal
28  complaints of unlawful discrimination and filing charges with the EEOC." (ECF No. 1 at 8.)

6

While filing a charge with the EEOC can be a protected activity, plaintiff's vague allegations that she made internal complaints are not enough. To rely on her internal complaints as a protected activity, plaintiff must allege facts, such as when she complained, to whom she complained, and the contents of her complaints. See Smith v. W.W. Grainger, Inc., No. ED-CV-181405, 2019 WL 1670942, at *4 (C.D. Cal. Feb. 5, 2019) ("[Plaintiff's] conclusory assertion that he complained about the discrimination both internally and externally" was insufficient absent "information concerning when he complained or the content of his complaints.").

Similarly, although plaintiff alleges that she suffered an adverse employment action by being denied promotions and being relocated, (ECF No. 1 at 2, 9), she does not allege a causal link between her protected activity and the adverse actions. The complaint provides no reasonable basis to infer that defendant relocated plaintiff or refused to promote her because she complained of discrimination or filed a charge with the EEOC. Plaintiff provides neither the date she filed her charge with the EEOC nor the date she was denied a promotion. If she filed the charge after being denied the promotion, then filing the charge could not have been the reason she was denied the promotion. Thus, the complaint fails to state a plausible retaliation claim.

   d. <u>Failure to accommodate under the ADA</u>

Lastly, in count 7, plaintiff asserts a claim for failure to provide reasonable accommodations under the ADA. The ADA prohibits discrimination against a qualified individual with a disability in regard to the terms, conditions, and privileges of employment. Gribben v. UPS, 528 F.3d 1166, 1169 (9th Cir.2008); Weeks v. Union Pac. R.R. Co., 137 F. Supp. 3d 1204, 1216 (E.D. Cal. 2015). "To establish a prima facie case for failure to accommodate under the ADA, [a plaintiff] must show that (1) she is disabled within the meaning of the ADA; (2) she is a qualified individual able to perform the essential functions of the job with reasonable accommodation; and (3) she suffered an adverse employment action because of her disability." Samper v. Providence St. Vincent Med. Ctr., 675 F.3d 1233, 1237 (9th Cir. 2012). Here, plaintiff has not sufficiently alleged that she suffers from a disability or that she suffered an adverse action.

/////

         i.       <u>Plaintiff has not sufficiently alleged that she suffers from a disability.</u>

The ADA defines a disability as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual . . . ." <u>Alejandro v. ST Micro Elecs., Inc</u>, 129 F. Supp. 3d 898, 907 (N.D. Cal. 2015) (citing 42 U.S.C. § 12102(1)). An impairment "substantially limits" a major life activity if, because of the impairment, the individual is "significantly restricted as to the condition, manner, or duration under which an individual can perform a major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity." <u>Id.</u> (citing <u>Humphrey v. Memorial Hospitals Ass'n</u>, 239 F.3d 1128, 1135 (9th Cir.2001). A plaintiff must allege her disability with specificity to state a claim under the ADA. <u>Id.</u>; see also <u>Bell v. University of California Davis Medical Center</u>, No. 2:11–cv–1864, 2013 WL 1896318, at *4 (E.D. Cal. May 6, 2013) ("While the court presumes, based on vague statements in the SAC, that plaintiff suffers from anemia, it is plaintiff's responsibility to allege his disability with specificity."). A plaintiff must also specify what major life activities her disability limits. <u>Id.</u>

Here, plaintiff alleges that she "was subjected to injury to both of her hands." (ECF No. 1 at 10). This is not enough. Plaintiff must plead the specific condition from which she suffers and on which she bases her ADA claim. Similarly, plaintiff fails to allege that her condition substantially limits a major life activity. Plaintiff has therefore not sufficiently alleged that she suffers from a "disability" within the meaning of the ADA.

         ii.      <u>Plaintiff has not sufficiently alleged that she suffered an adverse action.</u>

An employer's failure to accommodate an employee's disability can constitute an adverse action provided that the failure adversely affects the employee's terms, conditions, and privileges of employment. See <u>Exby-Stolley v. Bd. of Cty. Commissioners, Weld Cty., Colorado</u>, 906 F.3d 900, 917 (10th Cir.), <u>reh'g en banc granted sub nom.</u> <u>Exby-Stolley v. Bd. of Cty. Commissioners</u>, 910 F.3d 1129 (10th Cir. 2018). Plaintiff alleges that defendant was "taking adverse action retaliating and sabotaging plaintiff [sic] work assignment [sic]." (ECF No. 1 at 10.) Again, these allegations are not enough. Plaintiff does not allege that defendant was aware of her disability or how defendant "sabotaged" her work assignments due to her disability. <u>Id.</u>; 42 U.S.C.

§ 12112(a).  Without more specific factual support, the complaint fails to state a plausible claim under the ADA.

**3.     Plaintiff should be granted leave to amend her complaint.**

If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc); see also Gardner v. Marino, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Here, plaintiff may be able to cure the deficiencies in the complaint by alleging additional facts. Thus, all of plaintiff's claims should be dismissed without prejudice and with leave to amend.

Should plaintiff choose to file an amended complaint, she is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1.      Defendant's Motion to Dismiss (ECF No. 13) is GRANTED.

2.      Plaintiff's complaint is DISMISSED with leave to amend.

3.      Plaintiff is granted thirty days from the date of service of this order to file an amended complaint.  The amended complaint must bear the docket number

/////

/////

/////

/////

9

assigned this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  May 11, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

17.2419.mtd