UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBY BRADLEY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF SACRAMENTO DEPT. OF HUMAN ASSISTANCE,<br><br>　　　　Defendant. | No.  2:19-cv-02419 TLN CKD (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff, proceeding pro se, has filed a First Amended Complaint ("FAC," ECF No. 22) after her original complaint was dismissed for failure to state claim.  (See ECF No. 18.)  Plaintiff claims she was discriminated against in violation of Title VII and the California Fair Employment and Housing Act (Gov. Code § 12900 et. seq.) ("FEHA") by being denied promotional opportunities due to her race.

　　　　Before the court is defendant's motion to dismiss the FAC, which is fully briefed.  (ECF Nos. 23, 24, 27.)  On September 16, 2020, pursuant to Local Rule 230(g), the undersigned took the matter under submission.  (ECF No. 26.)

　　　　In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable

right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

Having reviewed the briefs and record, the undersigned finds that the FAC does not cure the defects of the original complaint as set forth in the May 11, 2020 findings and recommendations. (See ECF No. 18.)  As plaintiff has had one opportunity to amend and it does not appear further amendment would cure the pleading's defects, the FAC should be dismissed with prejudice for failure to state a claim.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss the First Amended Complaint (ECF No. 23) be granted; and

2. This action be dismissed with prejudice for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 11, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / bradley2419.mtd_fac

2