KELLAN S. PATTERSON, ESQ. SB No. 307190
**Law Office of Kellan Patterson**
770 L Street, Suite 950
Sacramento, CA 95814
P: (916) 905-7265
F: (916) 721-2742
E: info@kellanpatterson.com

Attorney for Plaintiff RUBY BRADLEY

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBY BRADLEY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO DEPT. OF HUMAN ASSISTANCE,<br><br>Defendant. | Case No.: 2:19-cv-02419-TLN-CKD<br><br>**SECOND AMENDED COMPLAINT**<br><br>1. **Title VII – Disparate Treatment**<br>2. **FEHA – Disparate Treatment**<br>3. **FEHA – Failure to Prevent Race Based Discrimination**<br>4. **Title VII – Retaliation**<br>5. **FEHA - Retaliation** |

## INTRODUCTION

1.     This case arises out of the COUNTY OF SACRAMENTO's, by and through high ranking and managerial staff, failure to hire Plaintiff because of race, ethnicity and color in violation of Title VII of the Civil Right Act of 1964 ("Title VII") and the California Fair Employment and Housing act ("FEHA").

## JURISDICTION

2.     This action arises under federal statute, 42 U.S.C. § 2000e et. seq. Plaintiff, RUBY BRADLEY is resident of Sacramento County, California. Ms. BRADLEY was employed by the County of Sacramento and worked and applied for positions withing Sacramento County. The alleged discriminatory conduct and practices occurred by County of Sacramento officials who also worked in Sacramento County. Pursuant to 28 U.S.C. § 1367, this Court has supplemental

jurisdiction of all other state causes of actions that are pleaded in this action.

**VENUE**

3. Venue is proper in the Eastern District of California because a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District. The alleged discriminatory conduct took place in Sacramento County, California. Additionally, the Defendant-officials are employed by the County of Sacramento, whose principal place of business is located in the County of Sacramento.

**PARTIES**

4. Plaintiff RUBY BRADLEY, (hereinafter "BRADLEY") a Black African American woman, resides in Sacramento, California and is currently employed by Defendant.

5. Defendant COUNTY OF SACRAMENTO, (hereinafter "COUNTY") is a lawfully incorporated municipality organized under the laws of California. It has set-up the Department of Human Assistance (hereinafter "DHA") with high ranking and managerial level officials working for the COUNTY OF SACRAMENTO who are responsible for hiring, promoting and terminating DHA employees.

**PROCEDURAL MATTERS**

6. Plaintiff has exhausted her administrative remedies and complied with all statutory prerequisites to bring an action pursuant to Title VII. On December 17, 2018, Plaintiff filed a charge or racial, gender discrimination, and retaliation by DHA with the Equal Employment Opportunity Commission ("EEOC") and received an EEOC Notice of Right to Sue om September 4, 2019. This complaint was filed within ninety days of the Notice of the Right to Sue as required by law. (See Exhibit A attached hereto).

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

**Contextual Background Information**

7. BRADLEY is a sixty (60) year-old Black African American woman who currently lives in Sacramento, California.

8. In 1997, she received a bachelor's degree in Social Work from the California State University, Sacramento.

9. BRADLEY started working for the COUNTY within the Department of Human Assistance in 2010 as a Human Service Specialist.

10. BRADLEY has consistently been employed with COUNTY since January 19, 2000.

11. BRADLEY consistently receives positive performance evaluations and has never had a formal written negative reprimand. Yet, Plaintiff has never been promoted.

12. Plaintiff's increases in pay were due to step-year increased that reached a maximum short of COLA, after approximately four years. Plaintiff currently still holds the Human Services Specialist position working for the COUNTY.

13. Throughout her tenure, BRADLEY has applied for numerous promotional positions and has been denied each and every time. Although BRADLEY is qualified for those positions for which she applies, she was erroneously told by management that she lacks the qualifications for those positions and was not afforded the promotion.

14. Prior to filing her EEOC charge, Plaintiff had applied to over three promotion positions and has applied for supervisor positions for the proceeding two years. Plaintiff was told there were no supervisor positions but there were at least five positions available for which Plaintiff was aware and for which she was not considered. The positions Plaintiff applied for were "eligibility supervisor," "social worker," and supervisor.

15. In Plaintiff's first 18 years of working at DHA, Plaintiff has diligently applied for available positions.

16. In or about September of 2017, Plaintiff applied for the Human Services Supervisor position that was available in the DHA.

17. Minimum qualifications for this position were two years of fulltime, paid experience in the public or private sector, performing or reviewing public assistance delivery activities such as assessing customer needs, determining eligibility, determining appropriate actions and establishing case plans, monitoring customer progress, maintaining case records, or making referrals to other resources, agencies, or services.

18. The candidate should also have either a Bachelor's Degree or higher from an accredited college or university in Social Work, Sociology, Psychology, Counseling or other field closely

related to the intent of the class, or one year of full-time, paid experience employed by Sacramento County in the class of Eligibility Supervisor.

19.     Plaintiff satisfied the minimum requirements for the Human Services Supervisor position as she had 18 years of paid experience performing and reviewing public assistance delivery activities such as assessing customer needs, determining eligibility, determining appropriate actions and establishing case plans, monitoring customer progress, maintain case records, and making referrals to other resources, agencies and services. Plaintiff also has a bachelor's degree in Sociology which she had earned in 1997.

20.     Plaintiff recalls other qualified Black African American employees similarly situated as she who also applied for this position. Plaintiff is aware that none of the Black African American DHA employees received this promotion. However, Plaintiff recalls and is informed and believes and thereon alleges that a non-Black African American employee received the position who was less tenured and did not have a bachelor's degree.

21.     This incident was not a single isolated incident. Rather, this was one of several occasions in an eighteen-year span where non-Black African American DHA employees would be promoted over more tenured and qualified Black African American employees.

22.     For example, in 2016 Plaintiff test for the position of Human Services Social Work. After taking the examination for this possession, Plaintiff earned the #1 Rank with an overall Score of 95. However, Plaintiff was not hired as a Human Services Social Worker and has seen non-Black employees hired for these positions since 2016.

**Lack of Opportunity to Gain Valuable Skills and Experience**

23.     Furthermore, Plaintiff has witness promotions being granted because of nepotism. Hiring managers are mostly White individuals. These same managers and supervisors are seen mainly socializing with other Non-Black African American employees. Plaintiff personally, is not a part of these hiring manager's "in-crowd." Plaintiff has consistently witnessed, lesser tenured non-Black African American employees, who find themselves in the hiring managers' "in-crowd," receive "promotable-worthy opportunities" that Plaintiff and other Black African American employees do not receive.

24. Such "promotable-worthy opportunities" include being placed in the position of being the "acting-supervisor" or "team leader" if or when the supervisor is away from his/her duties. Plaintiff sees these "acting-supervisor" and/or "team leader" roles are given to those who are in the manager's "in-crowd". Plaintiff is informed and believes and thereon alleges that her race and ethnicity prevent her from being in the mangers' "in-crowd."

**Inconsistent Qualifications for Different Employees**

25. Plaintiff is informed and believes and thereon allege that multiple individuals who hold the position of Human Services Program Manager do not meet the minimum qualifications posted by DHA. These individuals are all non-Black African American employees. For example, the position requires the individual to have a bachelor's degree. Plaintiff is informed and believes and thereon allege that at least six Human Services Program Managers who are non-Black African American employees did not have a bachelor's degree prior to receiving their position as a Human Services Program Manager.

26. The facts in the previous paragraph are confirmed by a report produced by the County of Sacramento via a public records request that provided that eight (8) out of seventeen (17) active Human Services Program Managers do not have a bachelor's degree. Thus, Plaintiff is informed and believes and thereon allege that exceptions to the minimum qualifications have been made for non-Black African American employees without extending those same exceptions to the minimum qualifications to Plaintiff and other Black African American employees.

27. Likewise, Plaintiff was prevented from interviewing for the Human Services Program Manager position in 2018 when she was disqualified for not having met the minimum qualifications for the position. Although, management denied Plaintiff an opportunity to interview for this position, Plaintiff contends that she was qualified for the position as she had a wealth of experience working for DHA, had the educational backgrounds and had supervisory experience derived from her employment outside of DHA.

///

///

///

**FIRST CAUSE OF ACTION**
**Discrimination Because of Race-Disparate Treatment**
**42 U.S.C. § 2000e-5**
**(Brought by Plaintiff Against All Defendants)**

28. Paragraphs 1 through 22 above are repeated, realleged an incorporated here by this reference.

29. The mentioned acts of the Defendant constitute unlawful discrimination against Plaintiff because of Plaintiff's race.

30. As a direct and proximate result of the practice complained of Plaintiff endured great mental suffering and sustained injury and damages as more fully set forth below.

**SECOND CAUSE OF ACTION**
**Race-Based Discrimination in Violation of FEHA-Disparate Treatment**
**(California Government Code § 12940, et seq.)**
**(Brought by Plaintiff Against All Defendants)**

31. Plaintiff Bradley, alleges and incorporates by reference the allegations in the preceding paragraphs.

32. In relevant part, California Government Code section 12940(a) provides that is shall be unlawful for an employer to discriminate against an employee in the terms and conditions of his employment because of his race.

33. Plaintiff Bradley is a Black African American woman and is thus a member of a protected class.

34. FEHA defines "employer" broadly to encompass "any persona regularly employing five or more persons, or any person acting as an agent of an employer directly or indirectly." California Government Code § 12826(d). Here, all Defendants were employers of Plaintiff as defined by FEHA because they regularly employed five or more persons. Furthermore, due to Defendant COUNTY authority over the DHA, its day-to-day managerial role in the department, its right to hire, fire and discipline the employees, and its control of all terms and conditions of Plaintiff's employment, Defendant COUNTY is Plaintiff's employer, or alternatively a joint employer, which provides employment pursuant to contract. *See Vernon v. State* (20040 116 Cal.App.4th 114, 124.

35. As set forth above, Defendants discriminated against Plaintiff because of her race.

6

SECOND AMENDED COMPLAINT

Defendants engaged in illegal, intentional discrimination on the basis of race, by failing to provide plaintiff interview opportunities for promotional positions because of her race, failure to hire Plaintiff to promotional positions because of Plaintiff's race and failure to lawfully consider Plaintiff for promotional positions because of her race. Plaintiff has regularly complained to Defendants regarding discrimination, but Defendant allowed the discrimination to continue.

36. As a direct, legal and proximate result of the discrimination, Plaintiff has suffered damages, including emotional distress, lost wages and other economic damages, in an amount to be proved at trial.

37. By reason of the conduct of Defendants, Plaintiff has necessarily retained attorneys to prosecute the action on behalf of himself. Pursuant to California Government Code § 12965(b), as a result of Defendants' discrimination, Plaintiff is entitled to recover damages for economic harm and emotional distress, attorneys' fees, costs, and expert witness fees. Plaintiff is entitled to attorneys' fees pursuant to California Code of Civil Procedure § 1021.5.

38. Defendants' actions were ratified by managing agents, and were willful, malicious, fraudulent, and oppressive, and were committed with wrongful intent to harm Plaintiff in conscious disregard of their rights. Plaintiff is therefore entitled to recover punitive damages from Defendants in an amount according to proof at trial.

**THIRD CAUSE OF ACTION**
**Failure to Prevent Race-Based Discrimination in Violation of FEHA**
**(California Government Code § 12940(k))**
**(Brought by Plaintiff Against All Defendants)**

39. Plaintiff alleges and incorporates by reference the allegation in the preceding paragraphs.

40. California Government Code § 12940(k) provides that it shall be an unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent discrimination, harassment and retaliation from occurring in the workplace.

41. Plaintiff is Black African American woman and is a member of a protected class.

42. FEHA defines "employer" broadly to encompass "any person regularly employing five or more persons, or any person acting as an agent of an employer, directly or indirectly." California Government Code § 12926(d). Here, all Defendants were employers of Plaintiff as defined by

1  FEHA because they regularly employed five or more persons. Furthermore, due to Defendant
2  COUNTY's authority of the DHA, its day-to-day managerial role in that department, its rights to
3  hire, fire and discipline the employees, and its control of all terms and conditions of Plaintiff's
4  employment, Defendant COUNTY is Plaintiff's FEHA employer, or alternatively a joint employer,
5  which provides employment pursuant to contract. *See Vernon v. State* (2004) 116 Cal.App.4th 114,
6  124.

7  43.  Defendants failed to provide Plaintiff with protections required under California
8  Government Code § 12940(k) by not taking immediate and sufficient action to correct the
9  discriminatory and harassing conduct direct at Plaintiff.

10  44.  As a direct, legal and proximate result of the discrimination, Plaintiff has suffered damages,
11  including emotional distress, lost wages and other economic damages, in an amount to be proven
12  at trial.

13  45.  By reason of the conduct of Defendants, Plaintiff has necessarily retained attorneys to
14  prosecute the action on behalf of himself. Pursuant to California Government Code § 12965(b), as
15  a result of Defendants' discrimination, Plaintiff is entitled to recover damages for economic harm
16  and emotional distress, attorneys' fees, costs, and expert witness fees. Plaintiff is entitled to
17  attorneys' fees pursuant to California Code of Civil Procedure § 1021.5.

18  46.  Defendants' actions were ratified by managing agents, and were willful, malicious,
19  fraudulent, and oppressive, and were committed with wrongful intent to harm Plaintiff in conscious
20  disregard of their rights. Plaintiff is therefore entitled to recover punitive damages from Defendants
21  in an amount according to proof at trial.

22  47.  Plaintiff timely exhausted administrative remedies.

**FOURTH CAUSE OF ACTION**
**Retaliation Based on Opposing Unlawful Employment Practice**
**(42 U.S.C. § 2000e-3(a))**
**(Brought by Plaintiff Against All Defendants)**

48.  Plaintiff alleges and incorporates by reference the allegations in the proceeding paragraphs.

49.  In 2013, Plaintiff filed an action against Defendants alleging similar violations of her right
to be free of discrimination in her workplace. In 2018, Plaintiff exercised her rights to appeal the

district court's ruling on a summary judgment motion. Shortly after Plaintiff filed her notice of appeal with the Ninth Circuit, Defendant, by way of Plaintiff's immediate supervisors and managers, began to issue Plaintiff more work than usual whereas other employee's workloads remained the same. Plaintiff validated this fact by inquiring about the workloads of her co-workers and it was affirmed that she had been the only employee to have an increase workload. The workload was excessive and burdensome and caused Plaintiff to suffer an injury to her fingers. This increase workload carried on for several months.

50. The mentioned acts of the Defendant constitute unlawful retaliation against Plaintiff for exercising her statutory rights to contest, dispute, and litigate allegations of unlawful employment discrimination.

51. As a direct and proximate result of the practice complained of Plaintiff endured great mental suffering and sustained injury and damages as more fully set forth below.

**FIFTH CAUSE OF ACTION**
**Retaliation Based on Opposing Unlawful Employment Practice**
**(FEHA)**
**(Brought by Plaintiff Against All Defendants)**

52. Plaintiff alleges and incorporates by reference the allegations in the proceeding paragraphs.

53. In 2013, Plaintiff filed an action against Defendants alleging similar violations of her right to be free of discrimination in her workplace. In 2018, Plaintiff exercised her rights to appeal the district court's ruling on a summary judgment motion. Shortly after Plaintiff filed her notice of appeal with the Ninth Circuit, Defendant, by way of Plaintiff's immediate supervisors and managers, began to issue Plaintiff more work than usual whereas other employee's workloads remained the same. Plaintiff validated this fact by inquiring about the workloads of her co-workers and it was affirmed that she had been the only employee to have an increase workload. The workload was excessive and burdensome and caused Plaintiff to suffer an injury to her fingers.

54. The mentioned acts of the Defendant constitute unlawful retaliation against Plaintiff for exercising her statutory rights to contest, dispute, and litigate allegations of unlawful employment discrimination.

55. As a direct and proximate result of the practice complained of Plaintiff endured great

mental suffering and sustained injury and damages as more fully set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment and the following specific relief against Defendants:

A. All damages which the Plaintiff has sustained as a result of Defendants' conduct, including general damages for pain, suffering, emotional distress, and special damages for lost compensation, including back, front pay and job benefits that they would have received but for the discriminatory practices of Defendants;

B. For an award of exemplary and punitive damages in an amount commensurate with Defendants' ability to pay and to deter future conduct;

C. A preliminary and permanent injunction against Defendants and its directions, officers, owners, agents, successors, employees and representatives, and any and all persons acting in concert with them, from maintaining a hostile work environment on the basis of race. Such relief at minimum should include implementation of effective policies to prevent and correct race harassment, and implementation of mandatory training regarding harassment for all of Defendants' managerial and non-managerial employees.

D. Declaratory relief against Defendants finding their employment policies, practices and/or procedures challenged herein are illegal and in violation of the rights of Plaintiff under California Government Code § 12940 or 42 U.S.C. § 2000e-5(g);

E. For an award of reasonable attorneys' fees, expert witness fees, litigation expenses and costs incurred in the filing and prosecution of this action, pursuant to California Government Code § 12965(b) or 42 U.S.C. § 2000e-5(k);

F. For pre-judgment and post-judgment interest, as provided by law;

G. For such other and further relief, in law or in equity, as this Court may deem proper and just.

///
///
///
///

SECOND AMENDED COMPLAINT

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on the issue so triable herein.

DATED: January 17, 2021         LAW OFFICE OF KELLAN PATTERSON


                                By: _____/s/ Kellan S. Patterson_____,
                                    Kellan Patterson
                                    Attorney for RUBY BRADLEY

**EXHIBIT A**

BRADLEY v. COUNTY OF SACRAMENTO DEPARTMENT OF HUMAN ASSISTANCE

2:19-cv-02419-TLN-CKD

**EXHIBIT A**

1

**COUNTY OF SACRAMENTO**
2450 Florin Road, Department of Human Assistance, Sacramento, CA 95821

[X] Race  [ ] _____  [ ] Sex  [ ] _____  [ ] _____
[X] Retaliation  [X] Age  [X] Disability

Date: 11-28-2018

I was hired by Respondent on or around January 2000 as a Human Services Specialist. I perform the duties of my job satisfactorily. My immediate supervisor is Walter Pinkey.

I am an African American over 55 with a disability that is known by Respondent. On October 11, 2017, I filed a federal appeal for an age discrimination claim against Respondent. Shortly after, and within the last 300 days, I was subjected to an excessive workload while similarly situated employees were not. Also, within the last 300 days, I was denied a promotion while similarly situated employees outside of my protected classes were promoted.

I believe that I was discriminated against because of my race, in violation of Title VII of the Civil Rights Act of 1964, as amended. I also believe that I was discriminated against because of my disability, in violation of Title I of the Americans with Disabilities Act of 1990, as amended. Additionally, I believe that I was discriminated against because of my age, in violation of the Age Discrimination in Employment Act of 1967, as amended. Further, I believe that I was retaliated against because of my engagement in protected activity under the latter statute.

X 12-17-2018   Roby Bradley

EEOC Form 161 (11/16)      U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Ruby Bradley<br>P.O. Box 661784<br>Sacramento, CA 95866 | From: | Oakland Local Office<br>1301 Clay Street<br>Suite 1170 N<br>Oakland, CA 94612 |
|---|---|---|---|

[ ]    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Email Address |
|---|---|---|
| 555-2018-00867 | Juanita Rodriguez,<br>Investigator | juanita.rodriguez@eeoc.gov |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____      09/04/19
FCP/    Dana C. Johnson,        (Date Mailed)
         Director

Enclosures

cc:   **Cori Stillson**
     **Equal Employment Opportunity Officer**
     **COUNTY OF SACRAMENTO**
     **700 "H" Street, Suite 5720**
     **Sacramento, CA 95814**

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 – in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*